SAMUEL M. FELTON and JOHN W. CRISFIELD.

vs.

THE POTOMAC FIRE INSURANCE COMPANY OF BALTIMORE, THE EASTERN SHORE RAIL ROAD COMPANY, AND JOSIAH P. MARVEL, Sheriff of Sussex County.

*New Castle, Feb. T. 1873.*

An injunction awarded, at suit of the trustees under the first mortgage, of a railroad company, who held possession of the railroad and property under the mortgage, to restrain the seizure of a locomotive, off the line of the road, under a foreign attachment by the holder of coupons of bonds of a second mortgage.

INJUNCTION BILL.—The complainants were the surviving trustees in a mortgage of the Eastern Shore Railroad Company, made to secure an issue of bonds. Default had been made in the payment of the interest on the bonds secured by the mortgage, and the complainants, as trustees, had entered into possession of, and were operating the railroad pursuant to the conditions of the mortgage.

The Potomac Fire Insurance Company of Baltimore, was the holder of coupons of an issue of bonds secured by a subsequent mortgage of the Company, and had issued a writ of foreign attachment under which the sheriff had seized a locomotive engine of the Company a short distance over the Delaware line, and beyond the terminus of the Eastern Shore Railroad. The locomotive in question had been purchased by the complainants at a time when the credit of the railroad company was insufficient for the purpose, upon the credit of individuals holding the first mortgage-bonds. The mortgage to the complainants covered " all the present and future to be " acquired property" of the railroad company, including all its "estate, real and personal," specifying, among other things, " steam engines." The bill prayed for an injunction and further relief, and that the sheriff be required to deliver up possession of the engine.

On motion of *Gordon* and *G H. Bates,* for the complainant, a preliminary injunction was awarded.

*Moore* appeared *gratis* for the insurance company and the sheriff, and *Rumford* for the railroad company.

Subsequently, the defendants abandoned any objection to the equitable relief prayed for, and by consent, a decree was entered making the injunction perpetual and directing the sheriff to deliver up the engine.